IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | CRIMINAL NO. 08-393 |
| : | |
| ALEX LEVY, : | |
|           Defendant. : | |

MEMORANDUM OPINION

**RUFE, J.**                                                                                                              **November 20, 2008**

        By Indictment filed July 8, 2008, Defendant Alex Levy ("Levy") is charged with drug possession and distribution, possession of firearms in furtherance of drug trafficking, and being a convicted felon in possession of firearms.[1] Levy was temporarily detained at his arraignment,[2] and thereafter the United States Government ("Government") moved for his pretrial detention.[3] At a hearing on July 16, 2008, Magistrate Judge Linda Caracappa granted the Government's Motion and ordered Levy detained pending trial.[4]

        Defendant filed a Motion for Pretrial Release on October 9, 2008.[5] Therein, he requested that he be released from detention pending trial, subject to conditions of electronic monitoring and house arrest, so that he might be able to work. The Government filed a Response

---

[1] Doc. No. 1.

[2] See Doc. No. 5 (minute entry for Levy's initial appearance and arraignment held before U.S. Magistrate Judge Jacob P. Hart on July 11, 2008).

[3] Doc. No. 6.

[4] See Doc. No. 8 (minute entry for detention hearing held before U.S. Magistrate Judge Linda Caracappa on July 16, 2008).

[5] Doc. No. 18.

1

in opposition on October 30, 2008,⁶ and the Court held a hearing on the matter on October 31, 2008.⁷ On November 5, 2008, the Court denied the Motion.⁸ In this Memorandum, the Court records its reasons for denying Levy's Motion for Pretrial Release.

In accordance with 18 U.S.C. § 3142(f), at Levy's bail hearing the Court considered whether any condition or combination of the conditions under which pretrial release may be authorized, as set forth in 18 U.S.C. § 3142(c), would reasonably assure Levy's appearance at trial and the safety of the community.⁹ Pursuant to 18 U.S.C. § 3142(g), this analysis involved consideration of the evidence presented as to the offenses charged, the weight of the evidence against Levy, Levy's history and characteristics, including whether he was on probation or pretrial release at the time of the offenses, and the nature of any danger he might pose. It was undisputed that based on the offenses with which Levy was charged in the Indictment, in particular the offense of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), Levy was subject to the statutory presumption against bail for dangerousness set forth in 18 U.S.C. § 3142(e).¹⁰ As such, Levy bore the burden of providing countervailing evidence supporting his pretrial release.¹¹ Evidence that may rebut the presumption against bail for reason of dangerousness can include "testimony by co-workers, neighbors, family physician, friends, or other

---

⁶ Doc. No. 21.

⁷ See Doc. No. 22.

⁸ Doc. No. 23.

⁹ See 18 U.S.C. § 3142(c) & (f).

¹⁰ See United States v. Suppa, 799 F.2d 115, 117-18 (3d Cir. 1986) (probable cause that defendant committed offense triggering statutory presumption of danger to community shown through indictment for such offense).

¹¹ See id. at 118.

2

associates concerning the arrestee's character, health, or family situation,"[12] or evidence of steady employment.[13] These factors, appearing singly or in combination in the evidence, cannot compel a finding that the presumption of dangerousness has been overcome. Rather, the ultimate determination of the question is for the court, based on all evidence and arguments adduced.[14]

In support of the instant Motion, Levy proffered evidence that he has strong family ties to the community and is employed by a local pizza company, the manager of which would be willing to testify as to Levy's law abiding nature.[15] At the hearing, Levy reiterated through counsel that his job as a pizza deliveryman and his relationship with his family sufficed to overcome the presumption against his pretrial release for dangerousness.[16] The Government countered by noting the serious charges faced by Levy, including that of possessing a firearm in furtherance of drug trafficking activity.[17] The Government noted that this charge is supported by evidence that Levy possessed multiple firearms in connection to his alleged drug dealing.[18] The Government also noted that Levy allegedly committed the instant offenses while on probation at the state level from a

---

[12] United States v. Perry, 788 F.2d 100, 115 (3d Cir. 1986).

[13] Suppa, 799 F.2d at 119.

[14] See id. at 118-19.

[15] Mot. for Pretrial Rel. ¶¶ 6, 7.

[16] See October 31, 2008 Hearing Transcript at 14-15 ("Hr'g Tr."). Levy's counsel also attacked the credibility or sufficiency of the Government's evidence against Levy, see Hr'g Tr. at 10-12, 25-27, and in response to an alternative ground on which the government nominally sought pretrial detention, see Mot. for Pretrial Detention at 1, argued that Levy was not a flight risk, see Hr'g Tr. at 27. Because the Court finds that pretrial detention is appropriate on the "primary" basis asserted by the Government – that of danger to the community – and because the Government did not press its risk of flight concerns at Levy's bail hearing, the Court does not address the flight arguments herein.

[17] Hr'g Tr. at 6.

[18] Id.

3

firearms conviction in 2007,[19] and while under the supervision of pretrial services after posting bail in a federal conspiracy and straw purchasing case in December, 2006.[20]

The Court acknowledged the rebuttable presumption against bail confronting Levy.[21] It further considered the evidence presented in light of the factors set forth in 18 U.S.C. § 3142(g).[22] As an initial matter, the Court has found that the offenses are serious, involving sales of a narcotic and possession of firearms in connection therewith. No argument to the contrary has been made. It also has found, without objection, that the offenses charged occurred while Levy was on probation and on pretrial release in separate cases.

Moreover, at the hearing, the Court inquired into the strength of the evidence underlying the charges against Levy.[23] The Government supplied the Court with a report on the case by an involved law enforcement agent, to which Levy did not object.[24] The Court has examined this report, and finds it supports the Government's assertions. The Government also proffered evidence from a confidential informant, noting that at least one charged drug transaction involving Defendant Levy included the informant and an open display of firearms and had been captured on a tape recording device worn by the informant.[25] The Government played relevant segments of the

---

[19] Mot. for Pretrial Rel. at 5.

[20] Id. at 2.

[21] Hr'g Tr. at 8.

[22] As noted above, these considerations were: the offenses charged, the weight of the evidence against Levy, Levy's history and characteristics, including whether he was on probation or pretrial release at the time of the offenses, and the nature of any danger he might pose to an individual or the community.

[23] Id.

[24] Hr'g Tr. at 7.

[25] Id.

recording at the hearing, and it appeared to support the Government's assertions. As noted above, Levy generally attacked the strength of the evidence against him. While he questioned the probative worth of the recording and noted the potentially confusing use of slang terms thereon, he did not dispute that the recording appeared to record a drug transaction involving Levy in which a firearm was brandished, apparently by Levy's brother.

After considering the arguments of the parties in their briefs and at the hearing, the Court denied Levy's Motion. It did so because Levy has not adduced or proffered sufficient evidence to overcome the presumption against his pretrial release on the ground of danger to the community. The Court accepts that Levy has a job with a local business delivering pizza, and does not doubt the closeness of his relationship to his family. Taken together, these showings do not overcome the presumption of dangerousness that applies here or the affirmative evidence of Levy's dangerousness. The presumption against bail, applicable only in certain circumstances, was legislatively established for a reason. It applies to Levy because probable cause exists to believe that he committed numerous drug and firearms offenses, including possession of a firearm in furtherance of drug trafficking activities, and did so while serving a state sentence of probation and while on pretrial release on federal charges. Danger to the community can come in many forms. Those of mixing gun possession with drug dealing, or recidivism indicating a propensity to commit further offenses are two such forms, and both are present here. Levy simply failed to substantially address the evidence showing he possessed a firearm in furtherance of drug trafficking activities and committed all of the charged offenses while under the restrictive release terms imposed by two separate court systems. In contrast, the Government has proffered sufficient evidence in support of the charges against Levy. The burden, however, does not lie with the Government at this juncture;

it rests with Levy, who has failed to meet it. As a result, this Court found that no condition or combination of conditions could reasonably assure the safety of the community were Levy to be released, and denied his Motion for Pretrial Release.

**RESPECTFULLY SUBMITTED:**

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**